**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOARD OF TRUSTEES OF IBEW LOCAL 100 PENSION TRUST FUND; JOINT ELECTRICAL INDUSTRY TRAINING TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHARLES COLE dba MICHAEL COLE ELECTRIC,<br><br>Defendant. | CASE NO. 1:21-cv-00750-AWI-EPG<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Initial Disclosures: August 20, 2021<br><br>Nonexpert Discovery Re: Coverage Cutoff:    March 25, 2022<br><br>Dispositive Motion Re: Coverage Filing Deadline:    April 29, 2022<br><br>Settlement Conf.:    Not Set<br><br>Status Conf: Date: November 16, 2021<br> Time: 10:30 AM<br> Dept:10 |

The Court conducted a scheduling conference on August 10, 2021. Counsel Henry Y. Chiu appeared telephonically on behalf of Plaintiffs. Defendant Michael Charles Cole, proceeding *pro se*, appeared telephonically. Pursuant to Fed. R. Civ. P. 16(b), this Court sets a schedule for this action.

**I.    Amendment to The Parties' Pleadings**

The parties are advised that the filing of motions and/or stipulations requesting leave to amend the pleadings does not imply good cause to modify the existing schedule. Fed. R. Civ. P. 16 (b) (4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992). Moreover, any request for amendment under Fed. R. Civ. P. 15(a) must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

1

**II.     Fed. R. Civ. P. 26(a)(1)**

Initial disclosures shall be completed no later than **August 20, 2021**.

**III.    Discovery Cutoffs and Procedures**

Discovery regarding coverage is now open and the parties are granted leave to serve discovery requests regarding coverage. All non-expert discovery regarding coverage shall be completed no later than **March 25, 2022.**

Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed as follows:

1. The parties may take the following types of discovery from other parties:
   a. Interrogatories (an interrogatory is a written question or request for information and "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2));
      i. Unless otherwise stipulated or ordered by the court, a party may serve no more than 25 written interrogatories, including discrete subparts, on any other party. Fed. R. Civ. P. 33(a)(1);
   b. Requests for Production (a request for production is a written request that the opposing party produce documents or electronically stored information, "including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations," or a written request that the opposing party produce any designated tangible things. Fed. R. Civ. P. 34(a)(1));
      i. Responses to document requests shall include all documents within a party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Documents are deemed to be within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand;
   c. Requests for Admissions (a request for admission is a written request that the opposing party "admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" that relate to "(A) facts, the

application of law to fact, or opinions about either; [or] (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)); and

    d. Depositions (a deposition is where one party (or that party's counsel) questions someone under oath, and a court reporter is present to record the proceedings).[1]

        i. Unless otherwise stipulated or ordered by the Court, a party may take up to 10 depositions. Fed. R. Civ. P. 30(a)(2)(A);

        ii. A party who wants to conduct a deposition must give reasonable written notice to every other party pursuant to Federal Rule of Civil Procedure 30(b)(1). The notice must state the time and place of the deposition and, if known, the deponent's name and address or a general description sufficient to identify the person. *Id.*;

        iii. A party's failure to participate in a properly noticed deposition could result in sanctions, including monetary sanctions and/or dismissal of this case.;

        iv. Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court.

2. Discovery requests and responses should be sent to the opposing part(ies), or their counsel if represented. They should not be filed with the Court.

3. Responses to written discovery requests shall be due **thirty (30) days** after the request is served. Boilerplate objections are disfavored and may be summarily overruled by the Court.

4. If Defendant seeks documents or a deposition from someone who is not a party in this case, he must request issuance of a subpoena pursuant to Federal Rule of Civil Procedure 45(a)(3).

///

---

[1] "Instead of participating in the oral examination, a party may also serve written questions in a sealed envelope on the party noticing the deposition, who must deliver them to the officer. The officer must ask the deponent those questions and record the answers verbatim." Fed. R. Civ. P. 30(c)(3).

3

5. The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

## IV.     **Pretrial Motion Schedule**

### A.     *General Information Regarding Filing Motions*

The parties are advised that unless prior leave of the Court is obtained before the filing deadline,[2] *all* moving and opposition briefs or legal memoranda, including joint statements of discovery disputes, filed in civil cases before Magistrate Judge Grosjean, shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limits do not include exhibits. When scheduling motions (other than discovery motions) the parties shall comply with Local Rule 230.

Counsel or *pro se* parties may appear and argue motions by telephone, provided a request to so do is made to Michelle Rooney, Magistrate Judge Grosjean's Courtroom Deputy (unless prior permission has been given by the judge), no later than five (5) court days before the noticed hearing date. Requests can be made by emailing Ms. Rooney at mrooney@caed.uscourts.gov. If the parties are appearing telephonically, each party shall dial 1 (888) 251-2909 and enter access code 1024453.

#### 1.     *Informal Discovery Conference*

In order to file a discovery motion pursuant to Fed. R. Civ. P. 37 or 45, a party must receive permission from the Court following an informal telephone conference. Non-parties challenging a subpoena under Fed. R. Civ. P. 45 are not required to request an informal conference before filing a motion. A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.

Prior to the conference, the parties shall simultaneously file an Informal Discovery Dispute Letter Brief, outlining their positions regarding the dispute. Such briefs shall be no longer than three pages single-spaced, and may include up to five pages of exhibits. The parties are also

---

[2] Parties may seek leave through a telephonic conference among all parties and the Court, or by short motion.

directed to email their briefs to epgorders@caed.uscourts.gov. The Court will provide the date and time the Letter Briefs are due at the time the conference is scheduled.

At the time of conference, the parties shall dial 1 (888) 251-2909 and enter access code 1024453. The Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

### 2.  *Discovery Motions*

If a motion is brought pursuant to Fed. R. Civ. P. 37 or 45, after receiving permission from the Court, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint Statement") as required by Local Rule 251.[3] In scheduling such motions, Magistrate Judge Grosjean may grant applications for an order shortening time pursuant to Local Rule 144(e). If a party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

A Joint Statement, not to exceed twenty-five (25) pages, must be filed seven (7) calendar days before the scheduled hearing date. Prior to the filing of the Joint Statement, the parties must meet and confer as set forth in Local Rule 251(b). In addition to filing the Joint Statement electronically, a copy of the Joint Statement in Word format must be sent to Magistrate Judge Grosjean's chambers via email to epgorders@caed.uscourts.gov. Courtesy copies for any pleading in excess of twenty-five pages (25) (including exhibits) shall also be delivered to chambers via US mail, or hand delivery, at the time the Joint Statement is electronically filed. Motions may be removed from the Court's calendar if the Joint Statement is not timely filed, or if courtesy copies are not timely delivered.

### B.  *Dispositive Motions*

All dispositive emotions regarding coverage shall be served and filed no later than April 29, 2022**,** and will be heard before District Court Judge Anthony W. Ishii. In scheduling such motions, the parties shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

///

---

[3] Certain limited exceptions from filing the required Joint Statement are outlined in Local Rule 251(e).

### 1. Motions for Summary Judgment or Summary Adjudication

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ordered to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion. **In addition to complying with the requirements of Local Rule 260, the parties must prepare a Joint Statement of Undisputed Facts, which identifies all relevant facts subject to agreement by all parties.** The moving party is responsible for filing the joint statement. In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to do so.

## V. Settlement Conference

A settlement conference has not been scheduled at this time.

The Court sets a Status Conference for **November 16, 2021, at 10:30 AM** in Courtroom 10 (EPG) before Magistrate Judge Erica P. Grosjean. The parties may appear telephonically, with each party suing the following dial-in number and passcode: 1-888-251-2909; passcode 1024453. One full week prior to the conference, the parties are directed to file a joint status report regarding the status of the case and the parties' positions regarding conducting a settlement conference. The parties shall also email a copy of the joint status report, in Word format, to epgorders@caed.uscourts.gov for the Judge's review.

## VI. Further Dates and Deadlines

As noted above, the Court is only scheduling this case through non-expert discovery and dispositive motions regarding coverage issues. If this case is still proceeding after dispositive motions have been resolved, or if no dispositive motions are filed, the Court will set a further status conference to discuss scheduling any remaining non-expert discovery or dispositive motions, expert disclosure deadlines,[4] a pretrial conference, and a trial date.[5]

## VIII. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial

Not requested at this time.

---

[4] While the Court is not setting a deadline for expert disclosures at this time, the parties may provide expert disclosures at any time.

[5] Given the ongoing judicial emergency in the Eastern District of California, the Court may not set a trial date until the pretrial conference.

**IX.       Related Matters Pending**

There are no related matters.

**X.        Compliance with Federal Procedures**

All parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California and to keep abreast of any amendments thereto. The Court requires compliance with these rules. Sanctions may be imposed for failure to follow the rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

**XI.       Effect of This Order**

This order represents the Court and the parties' best estimated schedule for this case. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

***The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.*** Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, that establish good cause for granting the requested relief. Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **August 10, 2021**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE